BOARD OF HEALTH OF THE CITY OF PATERSON, PROSE-
CUTOR, v. WALTER W. CLAYTON AND PASSAIC COURT
OF COMMON PLEAS, RESPONDENTS.

Submitted March 20, 1919—Decided June 3, 1919.

No violation of an ordinance prescribing that "whatever is dangerous
to human life or health," and adding clauses about buildings im-
properly ventilated, drained, &c., is charged by a complaint alleg-
ing that C. "had people congregated and invited people to con-
gregate in his saloon at, &c., during an epidemic of influenza in
the town."

On *certiorari.*

Before Justices PARKER and MINTURN.

For the prosecutor, *Randal B. Lewis.*

For the respondents, *Walter R. Hudson.*

The opinion of the court was delivered by

PARKER, J.   The defendant Clayton was convicted of vio-
lation of section 90 of the Paterson health code, and, under
*Pamph. L.* 1895, *p.* 764; *Comp. Stat., p.* 408, his conviction
was summarily reviewed by the Court of Common Pleas,
which set aside the conviction, whereupon the present writ
was sued out.

We think the conviction was properly set aside, and for
the fundamental reason that the complaint charges no viola-
tion of section 90 of the code.

That section reads as follows:

"That whatever is dangerous to human life or health,
whatever building, erection, or part or cellar thereof is not
provided with adequate means of ingress and egress or is
not sufficiently supported, ventilated, sewered, drained,
cleaned or lighted; and whatever renders the air, food or
water unwholesome, are declared to be nuisances and are pro-

hibited. Any person violating any of the provisions of this section shall be liable to a penalty of not less than five dollars nor more than one hundred dollars."

The violation charged is as follows: That defendant, on October 12th, 1918, "did violate the provisions of section 90 of an ordinance of the board of health of the city of Paterson, entitled, &c., in this, that Walter Clayton had people congregated and invited people to congregate in his saloon, at 172 Market street, such action of Walter Clayton, being dangerous to human life and health, there being an epidemic of influenza in the city of Paterson, contrary to the provisions of said section."

We are utterly unable to see what there is in the alleged conduct of Clayton that brings the case within the ordinance. Passing the argument, which has much to support it, that under the maxim *noscitur a sociis* the ordinance is aimed at physical conditions pertaining to inanimate objects and not at human conduct, and conceding for present purposes that the assembling of a numerous crowd in an unventilated and confined room during an epidemic of contagious disease is within the purview of the ordinance, as to which we express no opinion, there is yet no allegation of any such act in the complaint. Certainly, the mere *inviting* of people to congregate in his saloon was not dangerous to life or health, even under the construction argued for by prosecutor. So, it remains to consider whether such danger inhered in "having people congregated" in his saloon. There is nothing to show how many people there were, except that they were "congregated." The word "congregate" is defined in Webster's International Dictionary as "to come together; to assemble; to meet." Perhaps, two persons cannot be said to congregate; three, certainly, can. The charge, therefore, is, simply that "people" (as few as three, perhaps, and we have no proof that there were more) came together at the instance of Clayton in a saloon, of unknown dimensions, with unknown facilities of ventilation, on October 12th, and while influenza was in a general way epidemic in the town.

If this be a violation of section 90, it is likewise a violation for anyone to have three friends come to his home to play cards; for a few friends to meet at a club; for the near relatives of a young couple to attend their wedding; for a child to be baptized with the usual number of sponsors present. Examples might be multiplied indefinitely.

It may be freely conceded that epidemics of contagious and infectious disease may be, and have been, so severe and dangerous as to justify the most drastic rules against personal contact of individuals, but there is nothing in the complaint to show that such conditions prevailed in this case, and if they did prevail, the ordinance is not such a rule as to meet the emergency, and, as we have said, does not support the complaint, which under well-recognized rules must be taken at the minimum of the facts charged.

The order of the Passaic pleas is affirmed.